CADY, Chief Justice (dissenting).
I respectfully dissent.
The legislature enacted the open-meetings law to safeguard openness and transparency in government and to ensure that the business of government is not done in secret. Hutchison v. Shull , 878 N.W.2d 221, 237 (Iowa 2016). It did not enact this law to change or alter long-standing common law principles that permit negotiations by agents of entities operated by boards to enter into binding agreements prior to final board approval. See Soults Farms, Inc. v. Schafer , 797 N.W.2d 92, 100 (Iowa 2011). Of course, the legislature did modify this principle with respect to collective bargaining agreements involving the state, in part, by requiring the union membership to approve a negotiated agreement before it can be binding on the union, but did not similarly require board approval. See Iowa Code § 20.17(4) (2017). Thus, the Public Employment Relations Board had no authority to exercise its rulemaking powers over collective bargaining by using the provisions of the open-meetings law to alter contract law by requiring Board of Regents approval of negotiated collective bargaining agreements. The administrative rule is clearly invalid and does not govern the outcome of this case. The district court erred in concluding otherwise.
Instead, the legal issue in this case is whether the Board intended their agent to reach a binding agreement subject to a union vote. The evidence in the case indicates the State did not intend to be bound by its agent. The evidence reveals the State relied on the invalid administrative rule and never intended to be bound by the negotiations until final Board approval. Thus, even though the rule was invalid, it helped formulate the state of mind of the parties and ultimately the outcome of this case.
Nevertheless, this case cannot be affirmed on this ground. The issue was never raised and decided. Accordingly, I would reverse the decision of the district court and remand the case for further proceedings.
Wiggins, J., joins this dissent.